FILED
2026 MAR 27 12:49 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-10373-9 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| TRIDENT SEAFOODS CORPORATION | No. 26-2-10373-9  SEA |
| VS | **CASE INFORMATION COVER SHEET AND AREA DESIGNATION** |
| SVENSON, JR. | (CICS) |

**CAUSE OF ACTION**

COM - Commercial

**AREA OF DESIGNATION**

SEA      Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

Case 2:26-cv-0718-JER   Document 1-1   Filed 05/19/26   Page 2 of 19

FILED
2026 MAR 27 12:49 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-10373-9 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

TRIDENT SEAFOODS CORPORATION, a
Washington corporation,

                      Plaintiff,

vs.

MICHAEL W. SVENSON, JR., individually,

                      Defendant.

Case No.:

**SUMMONS**

TO:    **MICHAEL W. SVENSON, Jr., Defendant:**

A lawsuit has been started against you in the above-entitled court by Plaintiff. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons (or within 60 days if this summons was served outside the State of Washington), excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiffs are entitled to what has been asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS - 1
Case No.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121-3071
TELEPHONE (206) 292-8008
FAX (206) 340-0289

033612 /2026**

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 26th day of March, 2026.

HOLMES WEDDLE & BARCOTT
Attorneys for plaintiff Trident Seafoods Corp.

_____

Lafcadio Darling, WSBA #29963
Eric Siebert, WSBA 49994
3101 Western Avenue, Suite 500
Seattle, Washington 98121-3071
Telephone: (206) 292-8008
Facsimile: (206) 340-0289
Email: ldarling@hwb-law.com
Email: esiebert@hwb-law.com

SUMMONS - 2
Case No.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121-3071
TELEPHONE (206) 292-8008
FAX (206) 340-0289

033612 /2026**

Case 2:26-cv-01718-JLR    Document 1-1    Filed 09/19/26    Page 4 of 19

FILED
2026 MAR 27 12:49 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-10373-9 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TRIDENT SEAFOODS CORPORATION, a Washington corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL W. SVENSON, JR., individually, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR BREACH OF AGREEMENT/NOTE AND FOR OPEN ACCOUNT DEBT** |

COMES NOW plaintiff, TRIDENT SEAFOODS CORPORATION, by and through its undersigned attorneys of record, and for cause of action against defendant MICHAEL W. SVENSON, JR. hereby alleges and asserts as follows:

## I.    PARTIES

1.    Plaintiff TRIDENT SEAFOODS CORPORATION ("Trident") is a corporation organized under the laws of the State of Washington, with offices in King County, Washington.

2.    Upon information and belief, defendant MICHAEL W. SVENSON, JR. ("Svenson"), an individual, is a resident of the State of Alaska, residing in the Borough of Sitka, Alaska.

## II. JURISDICTION AND VENUE

3.    Many of the acts and omissions alleged herein occurred in King County,

**COMPLAINT - 1**
Case No.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121-3071
TELEPHONE (206) 292-8008
FAX (206) 340-0289

033612 /2026**

Washington, and this Court has jurisdiction over the parties and the subject matter of this action. The parties voluntarily submitted to jurisdiction in this Court by agreement as reflected in Section 17 of that certain Promissory Note dated March 8, 2018 signed by Defendant ("the Note").

4.      Venue is proper in this Court since the contract at issue was made in King County, Trident is based in King County, and pursuant the Note, in which Defendant agreed to venue in any state or federal court in Seattle, Washington in any action or proceeding brought to enforce such Note.

### III.  FACTUAL BACKGROUND

5.      On or about March 8, 2018, defendant Svenson executed a Promissory Note in favor of Trident promising the repayment of the original principal amount of $150,000 (the "Note") plus costs of administering the loan thereunder, with interest accruing thereon at a per annum rate equal to the US Bank Prime Rate +2%, with all sums due and payable no later than September 30, 2022, or any earlier date upon which Trident may demand payment upon the occurrence of any event of default. A true and correct copy of the Promissory Note is attached hereto as **Exhibit A.**

6.      In addition to the Note balance, Trident loaned Defendant the sum of $22,864.79 for various fishing needs on an open line of credit. Such funds and loan balance do not accrue interest.

7.      The Note further required Defendant to deliver its fish harvests from the 2018-2022 Alaska salmon fisheries exclusively to Trident until the Note and any other open accounts were paid in full, with payments due for such deliveries withheld as payment towards the outstanding amount due under the Note.

8.      Section 8 of the Note provides that any failure to meet the conditions, terms, or

COMPLAINT - 2
Case No.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121-3071
TELEPHONE (206) 292-8008
FAX (206) 340-0289

033612 /2026**

requirements of the Note, including but not limited to failure to make any payment when due or deliver and/or tender to Trident, shall constitute a default thereunder.  In the event of any default, Trident has the right, at its option, to (a) increase the interest rate on the Note by 5% per annum, (b) declare all amounts outstanding under the Note immediately due and payable, and/or (c) bring suit to recover judgment for all amounts due thereunder.

9.     Section 11 of the Note further allows Trident to, upon default, make demand upon, file an action against, foreclose against, or pursue any other remedy against Defendant, in any sequence and under any procedure that Trident may elect, which remedies shall be cumulative.

10.     Defendant failed to make payments due under the Note or deliver any harvest to Trident as required under Section 2 of the Note, constituting a default thereunder.

11.     Section 16 of the Note further provides that in the event any action is required to collect amounts due under the Note, Defendant shall pay for all costs and expenses incurred by Trident, together with pre-judgment and post-judgment interest.

12.     As of February 28, 2026, the remaining amount unpaid and due to Trident under the Note is $238,998.31, which consists of unpaid principal in the amount of $150,000 and accrued interest of $88,998.31, which interest continues to accrue at a rate of $35.96 per day. This total does not include attorneys' fees and other collection costs recoverable under the Note.

13.     In addition to the sums due Trident under the Note, Trident made certain advances to Defendant in support of fishing operations while he was fishing for Trident, which advances total $22,864.79.  Defendant has not made payment on this sum and it remains due and owing.

## IV.     FIRST CAUSE OF ACTION: BREACH OF CONTRACT/NOTE

14.     Plaintiff realleges the forgoing as if fully set forth herein.

15.     By failing to make full payment by the maturity date in accordance with the Note,

COMPLAINT - 3
Case No.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121-3071
TELEPHONE (206) 292-8008
FAX (206) 340-0289

033612 /2026**

Defendant is liable to Trident for breach of those agreements.

16. As a direct and proximate result of Defendant's breach of contract, Defendant is liable for the principal unpaid balance on the debt covered by the Note, as well as all accrued interest, ongoing interest, loan costs, attorney's fees, and other collection costs.

## V.    SECOND CAUSE OF ACTION: OPEN ACCOUNT DEBT

17. Plaintiff realleges the forgoing as if fully set forth herein.

18. While Defendant was fishing for Trident, Defendant borrowed, and Trident loaned Defendant certain sums on an "open account" basis, with advances to be repaid by Defendant out of fishing proceeds or otherwise. Currently, $22,864.79 of the funds Trident advanced to Defendant were never repaid and remain due and owing.

19. Due to his failure to repay this open account debt, Defendant is liable for the principal unpaid balance on the debt, as well as pre-judgment interest as may be available under applicable law.

## VI.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks and respectfully requests the following relief:

a. Judgment against Defendant in favor of Plaintiff for the Note principal of $150,000.00 and interest through February 28, 2026 of $88,998.31, with per diem interest accruing thereafter at $35.96 per day,

b. Judgment against Defendant in favor of Plaintiff for $22,864.79 for repayment of the open account sums advanced to Defendant but never repaid, along with pre-judgment interest thereon;

c. An award of all collection costs, including attorneys' fees and costs in connection with this debt and its collection as authorized by the Note.

COMPLAINT - 4
Case No.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA  98121-3071
TELEPHONE (206) 292-8008
FAX (206) 340-0289

033612 /2026**

d.     For all other such remedies as are the Court deems fair and equitable.

DATED this 25th day of March, 2026.

HOLMES WEDDLE & BARCOTT
Attorneys for plaintiff Trident Seafoods Corp.

Lafcadio Darling, WSBA #29963
Eric Siebert, WSBA #49994
3101 Western Avenue, Suite 500
Seattle, Washington 98121-3071
Telephone:  (206) 292-8008
Facsimile:  (206) 340-0289
Email: ldarling@hwb-law.com
Email: esiebert@hwb-law.com

COMPLAINT - 5
Case No.

033612 /2026**

# EXHIBIT A

# PROMISSORY NOTE

$150,000.00

City: <u>KETCHIKAN</u>, State: <u>AK</u>
Date: <u>3/8/18</u>

1.      For value received, receipt of which is hereby acknowledged, the undersigned, Michael W. Svenson, Jr. ("Borrower"), residing in the state of Alaska, hereby promises to pay to Trident Seafoods Corporation ("Trident") at its offices at 5303 Shilshole Avenue NW, Seattle, Washington, 98107, or at such other place as Trident may designate in lawful money of the United States of America and in immediately available funds, the principal sum of One Hundred Fifty Thousand Dollars and No Cents ($150,000.00) with interest thereon as set forth herein, plus the cost of administering this loan including the securing by Trident of a mortgage against the F/V PAMELA DENISE, O/N 245664, which total cost shall not exceed $2,000.00.  Borrower acknowledges that it benefits from the loan evidenced by this Promissory Note ("Note") regardless of whether Borrower personally receives the proceeds.

2.      <u>Payments and Delivery of Fish.</u>

        Borrower shall fish the entire 2018, 2019, 2020, 2021, and 2022 Southeast Alaska salmon fisheries and deliver its harvests exclusively to Trident or until this Note together with any open accounts are paid in full, whichever is later. Borrower further hereby authorizes Trident to withhold as payment the amount due and payable under this Note from the settlement for deliveries until this Note is paid in full. In any event, the entire balance on this Note is due and payable no later than September 30, 2022.

| | |
|---|---|
| Total withholdings from 2018 Southeast Alaska settlements | $30,000.00 plus accrued interest |
| Total withholdings from 2019 Southeast Alaska settlements | $30,000.00 plus accrued interest |
| Total withholdings from 2020 Southeast Alaska settlements | $30,000.00 plus accrued interest |
| Total withholdings from 2021 Southeast Alaska settlements. | $30,000.00 plus accrued interest |
| Total withholdings from 2022 Southeast Alaska settlements | $30,000.00 plus accrued interest |
| | & administrative costs |

3.      <u>Security.</u>

        Borrower grants to Trident a security interest in the F/V PAMELA DENISE, O/N 245664, with all engines, machinery, rigging, tackle, appliances, equipment accessories, fishing rights of whatsoever nature, including but not limited to moratorium and other participatory catch rights, permits and fishing history ("Fishing Rights") and all accessions and additions thereto ("the Vessel"), to secure payment of the debt as set forth in this Note, including interest and collection expenses and any other liabilities of the Borrower to Trident arising under this Note. Borrower shall execute any documents necessary to perfect this security interest at Trident's request, including but not limited to a preferred ship's mortgage.

4.      <u>Covenants.</u>

        4.1     Borrower will keep the Vessel insured for such coverage and amounts as Trident may require, including but not limited to Hull and Machinery Insurance naming Trident as loss payee as its interest may appear, and Protection & Indemnity and Pollution Insurance, naming Trident as additional insured with a waiver of subrogation.  Borrower also agrees to procure and maintain Breach of Warranty Insurance in Trident's favor. In no event shall coverage be less than the entire amount of the debt owed by the Borrower on the Vessel. Borrower hereby assigns to Trident all sums, up to the amount owed under this Note, which become payable under the Vessel Insurance policy. Borrower will

PROMISSORY NOTE                                                                                          Page 1

provide Trident copies of the insurance policies prior to release of funds by Trident to Borrower.

4.2     Borrower will not sell or assign or transfer Borrower's rights in the Vessel or any interest therein, or attempt to do so, without prior written consent of Trident. Notwithstanding, any subsequent purchaser or assignee of the Vessel must comply with the terms and conditions of this Note; furthermore, a sale or assignment will not remove the Borrower's obligations under this Note.

5     Interest and Fees

5.1     The principal balance of this Note shall bear interest at the rate equal to the prime lending rate of US Bank plus two percent (2%) per annum (the "Note Rate").

5.2     Calculations of Interest.  Interest at the Note Rate shall be calculated for the actual number of days elapsed on the basis of a 365-day year, starting on the date of this Note up to, but not including, the date of repayment.

5.3     Maximum Interest and Fees.  Borrower agrees to an effective rate of interest that is the rate stated above plus any additional rate of interest resulting from any other charges that may be interpreted to be in the nature of interest paid or to be paid by or on behalf of Borrower, or any benefit received or to be received by Trident, in connection with this Note. Interest, fees, and charges collected under this Note shall in no event exceed the maximum rate permitted by applicable law and, if any applicable maximum is exceeded, the excess collected will be refunded to Borrower or credited as a prepayment to principal (without prepayment penalty or premium), at Borrower's option.

6.     Maturity.

The entire principal hereof, all accrued interest thereon; and any other amounts owing under the Note shall become immediately due and payable in accordance with the terms of this Note including Section 2, or upon such earlier date as Trident may demand payment after the occurrence of an Event of Default (whichever is applicable, the "Maturity Date").

7.     Payment.

7.1     Payment at Maturity.  All principal, unpaid interest, and any amounts owing under this Note and under any of the other documents executed in connection with this Note shall be due in full on the applicable Maturity Date.

7.2     Application of Payments.  Payments received shall be applied first to any accrued interest and/or collection costs or other reimbursable expenses incurred by Trident and then in such order as Trident may elect in its sole discretion. Remittances in payment of any part of the indebtedness other than in the required amount in immediately available U.S. funds shall not, regardless of any receipt or credit issued therefor, constitute payment until the required amount is actually received by the holder hereof in immediately available U.S. funds and shall be made and accepted subject to the condition that any check or draft may be handled for collection in accordance with the practices of the collecting bank or banks.

8.     Default.

8.1 Default under this Note shall include failure to meet any of the conditions, terms, or requirements of this Note including but not limited to failure to make any payment when due and failure to deliver and/or tender to Trident ("Event of Default"). In the event of a default, Trident shall have the right to any or all of the following:



8.1.a    Increase the Note Rate up to an additional 5% per annum provided however that in no case shall the Note Rate exceed the maximum rate permitted by applicable law;

8.1.b    Declare all amounts outstanding under the terms of this Note to be immediately due and payable, at Trident's option and without notice to Borrower, and Trident shall be entitled to pursue any and all rights and remedies available to it under this Note, the Security Agreement, or under law. Borrower shall reimburse Trident for all legal fees, costs, and other expenses incurred in connection with (including, without limitation, those incurred with or without suit, in any appeal, bankruptcy, insolvency, or receivership proceeding, and/or any post-judgment collection proceedings) enforcing its rights under this Note plus interest on such amounts as set forth herein;

8.1.c    Bring a suit to recover judgment for any and all amounts due under this Note and to collect the same out of any and all property owned by the Borrower.

8.2    No waiver of any default shall operate as a waiver of any other default or of the same default on a future occasion.

## 9.    Business Purpose.

Borrower represents and warrants to Trident that the proceeds of this Note shall be used by Borrower exclusively for commercial and business purposes, and that none of the proceeds of this Note shall be used by Borrower for personal, family, or household purposes.

## 10.    Waivers.

Borrower and all guarantors, sureties and endorsers hereof waive presentation and demand for payment, protest, and notice of demand, protest dishonor and nonpayment, and agree Trident shall be entitled to take any action with regard to this Note (including renewals, extensions, or modifications of this Note; release of parties liable or any security for this Note), without notice to them or impairment of their liability to Trident, and Trident's acceptance of any full or partial payment will not waive default or constitute consent to any sale or transfer of secured property regardless of Trident's knowledge. Trident may elect to waive all or part of any right, payment or obligation owing to it and such waiver or any failure to exercise its rights and remedies shall not be deemed a waiver or release as to any default, and waiver as to any particular breach shall not be deemed waiver or consent to any subsequent default.

## 11.    Trident's Election of Remedies.

Trident may make demand upon, file an action against, foreclose against, or pursue any other remedy against the Borrower, in any sequence and under any procedure that Trident may elect. All remedies shall be cumulative.

## 12.    Miscellaneous.

Subject to applicable law, this Note shall (a) be construed, enforced and otherwise governed by the laws of the state of Washington, without regard to that state's choice of law rules; (b) not be modified or terminated orally, but only by a modification or termination in writing and signed by Trident; and (c) be binding on and inure to the benefit of Borrower and Trident and their respective successors and assigns. Time is of the essence of this Note and the performance of each of the agreements and provisions contained herein. A determination that any portion of this Note is unenforceable or invalid shall not affect the enforceability or validity of any other provision, and any determination that the application of any provision of this Note to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision to the extent legally permissible and otherwise as it may apply

to other persons or circumstances  Captions and headings in the Note are for convenience only and shall be disregarded in construing it

## 13    RECOURSE

EXCEPT AS OTHERWISE PROVIDED IN THIS NOTE BORROWER ACKNOWLEDGES LIABILITY FOR PAYMENT OF ALL AMOUNTS OWING UNDER THIS NOTE AND AGREES THAT TRIDENT DOES NOT HAVE TO FORECLOSE ITS COLLATERAL BEFORE DEMANDING FULL PAYMENT FROM BORROWER

## 14    WAIVER OF JURY TRIAL.

TRIDENT AND BORROWER EACH HEREBY WAIVE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON OR RELATED TO THE SUBJECT MATTER OF THIS NOTE. THIS WAIVER IS KNOWINGLY, INTENTIONALLY, AND VOLUNTARILY MADE BY TRIDENT AND BORROWER, AND TRIDENT AND BORROWER ACKNOWLEDGE THAT NO PERSON ACTING ON BEHALF OF THE OTHER PARTY TO THIS NOTE HAS MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. BORROWER AND TRIDENT FURTHER ACKNOWLEDGE THAT THEY HAVE BEEN REPRESENTED (OR HAVE HAD THE OPPORTUNITY TO BE REPRESENTED) IN THE SIGNING OF THIS NOTE AND IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED OF THEIR OWN FREE WILL, AND THAT THEY HAVE HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.

## 15.    NO ORAL AGREEMENTS.

ORAL AGREEMENTS OR ORAL COMMITMENTS TO LEND MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.

## 16.    Enforcement.

Should action be required to collect amounts due and owing under this Note, the Borrower hereby agrees to pay for costs and expenses incurred by Trident if Trident prevails in such action, including, but not limited to, reasonable attorneys' fees. Borrower agrees that Trident shall have the right to both prejudgment and postjudgment interest.

## 17.    Jurisdiction.

The Borrower agrees to the jurisdiction of any state or federal court in Seattle, Washington, in any action or proceeding brought to enforce this Note and hereby waives any objection to a venue in any such court and any claim that such forum is an inconvenient forum. Borrower further agrees that the law of the State of Washington shall apply to all legal disputes arising under this Note.

EXECUTED as of the day and year first above written.

BORROWER:

Michael W. Svenson, Jr., as an Individual

**EXHIBIT A, Page 9 of 9**

**FILED**
2026 MAR 27 12:49 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-10373-9 SEA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR THE COUNTY OF KING

| | |
|---|---|
| TRIDENT SEAFOODS CORPORATION | No. 26-2-10373-9 SEA |
| Plaintiff(s) | **ORDER SETTING CIVIL CASE SCHEDULE** |
| vs | **ASSIGNED JUDGE: Kent Liu, Dept. 20** |
| MICHAEL W. SVENSON, JR. | FILED DATE: 03/27/2026 |
| Defendant(s) | TRIAL DATE:03/29/2027 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

### NOTICE TO PLAINTIFF:

The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition***. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion. The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

### NOTICE TO ALL PARTIES:

All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

# I. NOTICES (continued)

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
| | Case Filed and Schedule Issued. | 03/27/2026 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$250 arbitration fee must be paid** | 09/04/2026 |
| * | DEADLINE to file Confirmation of Joinder if not subject to Arbitration [See KCLCR 4.2(a) and Notices on Page 2]. | 09/04/2026 |
| | DEADLINE for Hearing Motions to Change Case Assignment Area [KCLCR 82(e)]. | 09/18/2026 |
| | DEADLINE for Disclosure of Possible Primary Witnesses [See KCLCR 26(k)]. | 10/26/2026 |
| | DEADLINE for Disclosure of Possible Additional Witnesses [See KCLCR 26(k)]. | 12/07/2026 |
| | DEADLINE for Jury Demand [See KCLCR 38(b)(2)]. | 12/21/2026 |
| | DEADLINE for a Change in Trial Date [See KCLCR 40(e)(2)]. | 12/21/2026 |
| | DEADLINE for Discovery Cutoff [See KCLCR 37(g)]. | 02/08/2027 |
| | DEADLINE for Engaging in Alternative Dispute Resolution [See KCLCR 16(b)]. | 03/01/2027 |
| | DEADLINE: Exchange Witness & Exhibit Lists & Documentary Exhibits [KCLCR 4(j)]. | 03/08/2027 |
| * | DEADLINE to file Joint Confirmation of Trial Readiness [See KCLCR 16(a)(1)] | 03/08/2027 |
| | DEADLINE for Hearing Dispositive Pretrial Motions [See KCLCR 56; CR 56]. | 03/15/2027 |
| * | Joint Statement of Evidence [See KCLCR 4 (k)] | 03/22/2027 |
| | DEADLINE for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 03/22/2027 |
| | Trial Date [See KCLCR 40]. | 03/29/2027 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [KCLCR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:    03/27/2026

_____
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE.**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**CASE SCHEDULE AND REQUIREMENTS:** Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

### A. Joint Confirmation regarding Trial Readiness Report
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g., interpreters, equipment).

The Joint Confirmation Regarding Trial Readiness form is available at www.kingcounty.gov/courts/scforms. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding the report.

### B. Settlement/Mediation/ADR
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

### C. Trial
Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the court's civil standby calendar on the King County Superior Court website www.kingcounty.gov/courts/superiorcourt to confirm the trial judge assignment.

## MOTIONS PROCEDURES

### A. Noting of Motions

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil.

**Non-dispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the Note for Motion should state "Without Oral Argument." Local Civil Rule 7 governs these motions, which include discovery motions. The local civil rules can be found at www.kingcounty.gov/courts/clerk/rules/Civil

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions calendar. Local Civil Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

**Emergency Motions:** Under the court's local civil rules, emergency motions will usually be allowed only upon entry of an Order Shortening Time. However, some emergency motions may be brought in the Ex Parte and Probate Department as expressly authorized by local rule. In addition, discovery disputes may be addressed by telephone call and without written motion, if the judge approves in advance.

**B. Original Documents/Working Copies/ Filing of Documents: All original documents must be filed with the Clerk's Office.** Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court. The exceptions to the e-filing requirement are also available on the Clerk's Office website. The local rules can be found at www.kingcounty.gov/courts/clerk/rules.

The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge. The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom. Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator. Working copies can be submitted through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk/documents/eWC.

**Service of documents:** Pursuant to Local General Rule 30(b)(4)(B), e-filed documents shall be electronically served through the e-Service feature within the Clerk's eFiling application. Pre-registration to accept e-service is required. E-Service generates a record of service document that can be e-filed. Please see the Clerk's office website at www.kingcounty.gov/courts/clerk/documents/efiling regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion. **Do not file the original of the proposed order with the Clerk of the Court.** Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order. The court may distribute orders electronically. Review the judge's website for information: www.kingcounty.gov/courts/SuperiorCourt/judges.

**Presentation of Orders for Signature:** All orders must be presented to the assigned judge or to the Ex Parte and Probate Department, in accordance with Local Civil Rules 40 and 40.1. Such orders, if presented to the Ex Parte and Probate Department, shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). If the assigned judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the Ex Parte and Probate Department.** Such orders shall be submitted through the E-Filing/Ex Parte via the Clerk application by the attorney(s) of record. E-filing is not required for self-represented parties (non-attorneys). Formal proof in Family Law cases must be scheduled before the

assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. **If final order and/or formal proof are entered in the Ex Parte and Probate Department, counsel is responsible for providing the assigned judge with a copy.**

## C. Form

Pursuant to Local Civil Rule 7(b)(5)(B), the initial motion and opposing memorandum shall not exceed 4,200 words and reply memoranda shall not exceed 1,750 words without authorization of the court. The word count includes all portions of the document, including headings and footnotes, except 1) the caption; 2) table of contents and/or authorities, if any; and 3): the signature block. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

*IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.*

_____
PRESIDING JUDGE