Case 2:26-cv-01392-LK Document 1-1 Filed 03/27/26 Page 1 of 10

FILED
2026 MAR 27 12:49 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-10373-9 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| TRIDENT SEAFOODS CORPORATION, a Washington corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL W. SVENSON, JR., individually, <br><br> Defendant. | Case No.: <br><br> **COMPLAINT FOR BREACH OF AGREEMENT/NOTE AND FOR OPEN ACCOUNT DEBT** |

COMES NOW plaintiff, TRIDENT SEAFOODS CORPORATION, by and through its undersigned attorneys of record, and for cause of action against defendant MICHAEL W. SVENSON, JR. hereby alleges and asserts as follows:

## I.   PARTIES

1.   Plaintiff TRIDENT SEAFOODS CORPORATION ("Trident") is a corporation organized under the laws of the State of Washington, with offices in King County, Washington.

2.   Upon information and belief, defendant MICHAEL W. SVENSON, JR. ("Svenson"), an individual, is a resident of the State of Alaska, residing in the Borough of Sitka, Alaska.

## II.  JURISDICTION AND VENUE

3.   Many of the acts and omissions alleged herein occurred in King County,

**COMPLAINT - 1**
Case No.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121-3071
TELEPHONE (206) 292-8008
FAX (206) 340-0289

033612 /2026**

Washington, and this Court has jurisdiction over the parties and the subject matter of this action. The parties voluntarily submitted to jurisdiction in this Court by agreement as reflected in Section 17 of that certain Promissory Note dated March 8, 2018 signed by Defendant ("the Note").

4.     Venue is proper in this Court since the contract at issue was made in King County, Trident is based in King County, and pursuant the Note, in which Defendant agreed to venue in any state or federal court in Seattle, Washington in any action or proceeding brought to enforce such Note.

### III.  FACTUAL BACKGROUND

5.     On or about March 8, 2018, defendant Svenson executed a Promissory Note in favor of Trident promising the repayment of the original principal amount of $150,000 (the "Note") plus costs of administering the loan thereunder, with interest accruing thereon at a per annum rate equal to the US Bank Prime Rate +2%, with all sums due and payable no later than September 30, 2022, or any earlier date upon which Trident may demand payment upon the occurrence of any event of default. A true and correct copy of the Promissory Note is attached hereto as **Exhibit A.**

6.     In addition to the Note balance, Trident loaned Defendant the sum of $22,864.79 for various fishing needs on an open line of credit. Such funds and loan balance do not accrue interest.

7.     The Note further required Defendant to deliver its fish harvests from the 2018-2022 Alaska salmon fisheries exclusively to Trident until the Note and any other open accounts were paid in full, with payments due for such deliveries withheld as payment towards the outstanding amount due under the Note.

8.     Section 8 of the Note provides that any failure to meet the conditions, terms, or

COMPLAINT - 2
Case No.

requirements of the Note, including but not limited to failure to make any payment when due or deliver and/or tender to Trident, shall constitute a default thereunder. In the event of any default, Trident has the right, at its option, to (a) increase the interest rate on the Note by 5% per annum, (b) declare all amounts outstanding under the Note immediately due and payable, and/or (c) bring suit to recover judgment for all amounts due thereunder.

9. Section 11 of the Note further allows Trident to, upon default, make demand upon, file an action against, foreclose against, or pursue any other remedy against Defendant, in any sequence and under any procedure that Trident may elect, which remedies shall be cumulative.

10. Defendant failed to make payments due under the Note or deliver any harvest to Trident as required under Section 2 of the Note, constituting a default thereunder.

11. Section 16 of the Note further provides that in the event any action is required to collect amounts due under the Note, Defendant shall pay for all costs and expenses incurred by Trident, together with pre-judgment and post-judgment interest.

12. As of February 28, 2026, the remaining amount unpaid and due to Trident under the Note is $238,998.31, which consists of unpaid principal in the amount of $150,000 and accrued interest of $88,998.31, which interest continues to accrue at a rate of $35.96 per day. This total does not include attorneys' fees and other collection costs recoverable under the Note.

13. In addition to the sums due Trident under the Note, Trident made certain advances to Defendant in support of fishing operations while he was fishing for Trident, which advances total $22,864.79. Defendant has not made payment on this sum and it remains due and owing.

## IV. FIRST CAUSE OF ACTION: BREACH OF CONTRACT/NOTE

14. Plaintiff realleges the forgoing as if fully set forth herein.

15. By failing to make full payment by the maturity date in accordance with the Note,

COMPLAINT - 3
Case No.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121-3071
TELEPHONE (206) 292-8008
FAX (206) 340-0289

033612 /2026**

Defendant is liable to Trident for breach of those agreements.

16.     As a direct and proximate result of Defendant's breach of contract, Defendant is liable for the principal unpaid balance on the debt covered by the Note, as well as all accrued interest, ongoing interest, loan costs, attorney's fees, and other collection costs.

## V.     SECOND CAUSE OF ACTION: OPEN ACCOUNT DEBT

17.     Plaintiff realleges the forgoing as if fully set forth herein.

18.     While Defendant was fishing for Trident, Defendant borrowed, and Trident loaned Defendant certain sums on an "open account" basis, with advances to be repaid by Defendant out of fishing proceeds or otherwise. Currently, $22,864.79 of the funds Trident advanced to Defendant were never repaid and remain due and owing.

19.     Due to his failure to repay this open account debt, Defendant is liable for the principal unpaid balance on the debt, as well as pre-judgment interest as may be available under applicable law.

## VI.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks and respectfully requests the following relief:

a.     Judgment against Defendant in favor of Plaintiff for the Note principal of $150,000.00 and interest through February 28, 2026 of $88,998.31, with per diem interest accruing thereafter at $35.96 per day,

b.     Judgment against Defendant in favor of Plaintiff for $22,864.79 for repayment of the open account sums advanced to Defendant but never repaid, along with pre-judgment interest thereon;

c.     An award of all collection costs, including attorneys' fees and costs in connection with this debt and its collection as authorized by the Note.

COMPLAINT - 4
Case No.

HOLMES WEDDLE & BARCOTT, PC
3101 WESTERN AVENUE, SUITE 500
SEATTLE, WA 98121-3071
TELEPHONE (206) 292-8008
FAX (206) 340-0289

033612 /2026**

d.      For all other such remedies as are the Court deems fair and equitable.

DATED this 25th day of March, 2026.

HOLMES WEDDLE & BARCOTT
Attorneys for plaintiff Trident Seafoods Corp.

Lafcadio Darling, WSBA #29963
Eric Siebert, WSBA #49994
3101 Western Avenue, Suite 500
Seattle, Washington 98121-3071
Telephone:  (206) 292-8008
Facsimile:  (206) 340-0289
Email: ldarling@hwb-law.com
Email: esiebert@hwb-law.com

COMPLAINT - 5
Case No.

033612 /2026**

# EXHIBIT A

# PROMISSORY NOTE

$150,000.00

City: Ketchikan , State: AK

Date: 3/8/18

1. For value received, receipt of which is hereby acknowledged, the undersigned, Michael W. Svenson, Jr. ("Borrower"), residing in the state of Alaska, hereby promises to pay to Trident Seafoods Corporation ("Trident") at its offices at 5303 Shilshole Avenue NW, Seattle, Washington, 98107, or at such other place as Trident may designate in lawful money of the United States of America and in immediately available funds, the principal sum of One Hundred Fifty Thousand Dollars and No Cents ($150,000.00) with interest thereon as set forth herein, plus the cost of administering this loan including the securing by Trident of a mortgage against the F/V PAMELA DENISE, O/N 245664, which total cost shall not exceed $2,000.00. Borrower acknowledges that it benefits from the loan evidenced by this Promissory Note ("Note") regardless of whether Borrower personally receives the proceeds.

2. **Payments and Delivery of Fish.**

Borrower shall fish the entire 2018, 2019, 2020, 2021, and 2022 Southeast Alaska salmon fisheries and deliver its harvests exclusively to Trident or until this Note together with any open accounts are paid in full, whichever is later. Borrower further hereby authorizes Trident to withhold as payment the amount due and payable under this Note from the settlement for deliveries until this Note is paid in full. In any event, the entire balance on this Note is due and payable no later than September 30, 2022.

| | |
|---|---|
| Total withholdings from 2018 Southeast Alaska settlements | $30,000.00 plus accrued interest |
| Total withholdings from 2019 Southeast Alaska settlements | $30,000.00 plus accrued interest |
| Total withholdings from 2020 Southeast Alaska settlements | $30,000.00 plus accrued interest |
| Total withholdings from 2021 Southeast Alaska settlements. | $30,000.00 plus accrued interest |
| Total withholdings from 2022 Southeast Alaska settlements | $30,000.00 plus accrued interest & administrative costs |

3. **Security.**

Borrower grants to Trident a security interest in the F/V PAMELA DENISE, O/N 245664, with all engines, machinery, rigging, tackle, appliances, equipment accessories, fishing rights of whatsoever nature, including but not limited to moratorium and other participatory catch rights, permits and fishing history ("Fishing Rights") and all accessions and additions thereto ("the Vessel"), to secure payment of the debt as set forth in this Note, including interest and collection expenses and any other liabilities of the Borrower to Trident arising under this Note. Borrower shall execute any documents necessary to perfect this security interest at Trident's request, including but not limited to a preferred ship's mortgage.

4. **Covenants.**

4.1 Borrower will keep the Vessel insured for such coverage and amounts as Trident may require, including but not limited to Hull and Machinery Insurance naming Trident as loss payee as its interest may appear, and Protection & Indemnity and Pollution Insurance, naming Trident as additional insured with a waiver of subrogation. Borrower also agrees to procure and maintain Breach of Warranty Insurance in Trident's favor. In no event shall coverage be less than the entire amount of the debt owed by the Borrower on the Vessel. Borrower hereby assigns to Trident all sums, up to the amount owed under this Note, which become payable under the Vessel insurance policy. Borrower will

PROMISSORY NOTE

Page 1

provide Trident copies of the insurance policies prior to release of funds by Trident to Borrower.

4.2      Borrower will not sell or assign or transfer Borrower's rights in the Vessel or any interest therein, or attempt to do so, without prior written consent of Trident. Notwithstanding, any subsequent purchaser or assignee of the Vessel must comply with the terms and conditions of this Note; furthermore, a sale or assignment will not remove the Borrower's obligations under this Note.

## 5    Interest and Fees

5.1      The principal balance of this Note shall bear interest at the rate equal to the prime lending rate of US Bank plus two percent (2%) per annum (the "Note Rate").

5.2      **Calculations of Interest.** Interest at the Note Rate shall be calculated for the actual number of days elapsed on the basis of a 365-day year, starting on the date of this Note up to, but not including, the date of repayment.

5.3      **Maximum Interest and Fees.** Borrower agrees to an effective rate of interest that is the rate stated above plus any additional rate of interest resulting from any other charges that may be interpreted to be in the nature of interest paid or to be paid by or on behalf of Borrower, or any benefit received or to be received by Trident, in connection with this Note. Interest, fees, and charges collected under this Note shall in no event exceed the maximum rate permitted by applicable law and, if any applicable maximum is exceeded, the excess collected will be refunded to Borrower or credited as a prepayment to principal (without prepayment penalty or premium), at Borrower's option.

## 6.    Maturity.

The entire principal hereof, all accrued interest thereon; and any other amounts owing under the Note shall become immediately due and payable in accordance with the terms of this Note including Section 2, or upon such earlier date as Trident may demand payment after the occurrence of an Event of Default (whichever is applicable, the "Maturity Date").

## 7.    Payment.

7.1      **Payment at Maturity.** All principal, unpaid interest, and any amounts owing under this Note and under any of the other documents executed in connection with this Note shall be due in full on the applicable Maturity Date.

7.2      **Application of Payments.** Payments received shall be applied first to any accrued interest and/or collection costs or other reimbursable expenses incurred by Trident and then in such order as Trident may elect in its sole discretion. Remittances in payment of any part of the indebtedness other than in the required amount in immediately available U.S. funds shall not, regardless of any receipt or credit issued therefor, constitute payment until the required amount is actually received by the holder hereof in immediately available U.S. funds and shall be made and accepted subject to the condition that any check or draft may be handled for collection in accordance with the practices of the collecting bank or banks.

## 8.    Default.

8.1 Default under this Note shall include failure to meet any of the conditions, terms, or requirements of this Note including but not limited to failure to make any payment when due and failure to deliver and/or tender to Trident ("Event of Default"). In the event of a default, Trident shall have the right to any or all of the following:

---

**EXHIBIT A, Page 7 of 9**

8.1.a    Increase the Note Rate up to an additional 5% per annum provided however that in no case shall the Note Rate exceed the maximum rate permitted by applicable law;

8.1.b    Declare all amounts outstanding under the terms of this Note to be immediately due and payable, at Trident's option and without notice to Borrower, and Trident shall be entitled to pursue any and all rights and remedies available to it under this Note, the Security Agreement, or under law Borrower shall reimburse Trident for all legal fees, costs, and other expenses incurred in connection with (including, without limitation, those incurred with or without suit, in any appeal, bankruptcy, insolvency, or receivership proceeding, and/or any post-judgment collection proceedings) enforcing its rights under this Note plus interest on such amounts as set forth herein;

8.1.c    Bring a suit to recover judgment for any and all amounts due under this Note and to collect the same out of any and all property owned by the Borrower.

8.2    No waiver of any default shall operate as a waiver of any other default or of the same default on a future occasion.

9.    **Business Purpose.**

Borrower represents and warrants to Trident that the proceeds of this Note shall be used by Borrower exclusively for commercial and business purposes, and that none of the proceeds of this Note shall be used by Borrower for personal, family, or household purposes.

10.    **Waivers.**

Borrower and all guarantors, sureties and endorsers hereof waive presentation and demand for payment, protest, and notice of demand, protest dishonor and nonpayment, and agree Trident shall be entitled to take any action with regard to this Note (including renewals, extensions, or modifications of this Note; release of parties liable or any security for this Note), without notice to them or impairment of their liability to Trident, and Trident's acceptance of any full or partial payment will not waive default or constitute consent to any sale or transfer of secured property regardless of Trident's knowledge. Trident may elect to waive all or part of any right, payment or obligation owing to it and such waiver or any failure to exercise its rights and remedies shall not be deemed a waiver or release as to any default, and waiver as to any particular breach shall not be deemed waiver or consent to any subsequent default.

11.    **Trident's Election of Remedies.**

Trident may make demand upon, file an action against, foreclose against, or pursue any other remedy against the Borrower, in any sequence and under any procedure that Trident may elect. All remedies shall be cumulative.

12.    **Miscellaneous.**

Subject to applicable law, this Note shall (a) be construed, enforced and otherwise governed by the laws of the state of Washington, without regard to that state's choice of law rules; (b) not be modified or terminated orally, but only by a modification or termination in writing and signed by Trident; and (c) be binding on and inure to the benefit of Borrower and Trident and their respective successors and assigns. Time is of the essence of this Note and the performance of each of the agreements and provisions contained herein. A determination that any portion of this Note is unenforceable or invalid shall not affect the enforceability or validity of any other provision, and any determination that the application of any provision of this Note to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision to the extent legally permissible and otherwise as it may apply

PROMISSORY NOTE                                                                                            Page 3

to other persons or circumstances Captions and headings in the Note are for convenience only and shall be disregarded in construing it

13 **RECOURSE**

EXCEPT AS OTHERWISE PROVIDED IN THIS NOTE BORROWER ACKNOWLEDGES LIABILITY FOR PAYMENT OF ALL AMOUNTS OWING UNDER THIS NOTE AND AGREES THAT TRIDENT DOES NOT HAVE TO FORECLOSE ITS COLLATERAL BEFORE DEMANDING FULL PAYMENT FROM BORROWER

14 **WAIVER OF JURY TRIAL**.

TRIDENT AND BORROWER EACH HEREBY WAIVE, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON OR RELATED TO THE SUBJECT MATTER OF THIS NOTE. THIS WAIVER IS KNOWINGLY, INTENTIONALLY, AND VOLUNTARILY MADE BY TRIDENT AND BORROWER, AND TRIDENT AND BORROWER ACKNOWLEDGE THAT NO PERSON ACTING ON BEHALF OF THE OTHER PARTY TO THIS NOTE HAS MADE ANY REPRESENTATIONS OF FACT TO INDUCE THIS WAIVER OF TRIAL BY JURY OR IN ANY WAY TO MODIFY OR NULLIFY ITS EFFECT. BORROWER AND TRIDENT FURTHER ACKNOWLEDGE THAT THEY HAVE BEEN REPRESENTED (OR HAVE HAD THE OPPORTUNITY TO BE REPRESENTED) IN THE SIGNING OF THIS NOTE AND IN THE MAKING OF THIS WAIVER BY INDEPENDENT LEGAL COUNSEL, SELECTED OF THEIR OWN FREE WILL, AND THAT THEY HAVE HAD THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL.

15. **NO ORAL AGREEMENTS**.

ORAL AGREEMENTS OR ORAL COMMITMENTS TO LEND MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.

16. **Enforcement**.

Should action be required to collect amounts due and owing under this Note, the Borrower hereby agrees to pay for costs and expenses incurred by Trident if Trident prevails in such action, including, but not limited to, reasonable attorneys' fees. Borrower agrees that Trident shall have the right to both prejudgment and postjudgment interest.

17. **Jurisdiction**.

The Borrower agrees to the jurisdiction of any state or federal court in Seattle, Washington, in any action or proceeding brought to enforce this Note and hereby waives any objection to a venue in any such court and any claim that such forum is an inconvenient forum. Borrower further agrees that the law of the State of Washington shall apply to all legal disputes arising under this Note.

EXECUTED as of the day and year first above written.

BORROWER:

Michael W. Svenson, Jr., as an Individual

---